NO. 8069.  **8069** STATE OF LOUISIANA.

AUGUSTA MOORE

COURT OF APPEAL

VS

GRAND LODGE, KNIGHTS OF
PYTHIAS (COLORED)

PARISH OF ORLEANS.

(LUCY MOORE, INTERVENOR )

**8069**

By his Honor John St. Paul.

The defendant is an incorporated Fraternal Association, the object and purposes of which are declared to be, "to give aid and assistance to its members in case of sickness, and to provide for their burial in case of death; also to provide relief for their widows and orphans, or other relatives, or those dependent upon its deceased members x x x." Which relief, according to its by-laws, "shall be paid to the beneficiary or beneficiaries named in the policy."

Defendant admits that it owes $400 as a death benefit under a policy issued upon the life of one James Moore, in favor of "Lucy Moore, his wife". Which benefit, however, is claimed by both Augusta Moore, the plaintiff, and Lucy Moore, the intervenor; each claiming to be the lawful wife of the deceased.

The issues presented are these; The intervenor (beneficiary named) denies that the deceased, whom she married, was the same man who married plaintiff; and avers that in any event she knew nothing of the prior marriage. Plaintiff claims that the deceased was her husband and that the intervenor knew this when she married him.

Many witnesses were examined as to the identity of the deceased, their evid*n*ce being apparently conflicting, but not really so, for it can readily be reconciled; and the facts are simply these; The deceased was evidently named James *Monroe* Moore, and was originally from this city, where he was generally known by the name of James Moore. Living by hard manual labor, he worked where work could be had; and thus at times found himself in different places. In the year 1890 he was working in Jefferson County, Alabama; and there in that year he was married to Augusta Stone, the plaintiff, under the name of Monroe Moore. In 1898 he returned to this city, his wife following him some years later; they lived together for a while and then seperated. In 1908 he was married in this city to Lucy Carter, the intervenor, under the name of James Moore. Hence this law suit.

In that connection the trial judge says, "The evidence in part corroborates the idea that Monroe Moore and James Moore were the same person." But to our mind the evidence is conclusive; for some six or eight disinterested, and apparently reputable, witnesses affirm that the deceased, at various times, presented plaintiff to them as his wife; and there was one who was present at the marriage in

Alabama and came here with him in 1898. Whilst the other witnesses simply say that they knew him here long before that, and that here he was generally known by the name of James; but they do not pretend to say with certainty that he was not away from here between 1890 and 1898.

## II.

As to the other point, towit, whether Lucy Carter knew of the first marriage, the trial judge says, "Augusta Moore, swears that she informed Lucy Moore, but this is denied by the latter"; and there is not another word of testimony on the subject. The trial judge evidently believed that Lucy was in good faith, for he says, "it (the evidence) further shows that Lucy Moore was at the very worst a putative wife ". And in addition to the presumption of good faith, we find some corroboration of this in the testimony of one Harrison, a witness for the plaintiff herself, who testifies that in 1918 plaintiff rented from him under the name of "Mrs. Bickham", and lived within a block of where the deceased was then living with Lucy Moore as his wife; and yet plaintiff said nothing to him.

We therefore agree with the trial judge that Lucy Moore was in good faith; and hence under the provisions of C. C. 117, 118, she is entitled to all the rights of a lawful wife. And the policy being in her favor she has the

same rights thereunder as Augusta Moore would have had if the policy had been taken out in her own favor.

The authorities cited by plaintiff have therefore no application, towit, that a policy in favor of a man's concubine cannot be enforced to the prejudice of his lawful wife and children.

The judgment appealed from is therefore affirmed.